1  **HEFNER, STARK & MAROIS, LLP**
   Kirk E. Giberson (CA BAR ASSN. NO. 125155)
2  Thomas P. Griffin, Jr. (CA BAR ASSN. NO. 155133)
   2150 River Plaza Drive, Suite 450
3  Sacramento, CA 95833-4136
   Telephone: (916) 925-6620
4  Fax No: (916) 925-1127
   Email: kgiberson@hsmlaw.com
5          tgriffin@hsmlaw.com

6  Attorneys for Defendants
   Jose David Hernandez, an individual
7  and dba Musica De Arranque;
   DH1 Talent Development, Inc.;
8  DH1 Media, Inc.; M-Gen Stream, Inc.;
   and Colonize Media, Inc.

9

10

11              **IN THE UNITED STATES DISTRICT COURT**

12       **EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

13  HYPHY MUSIC, INC., a California          Case No. 1:17-CV-00182-DAD-SKO
    corporation
14                                           **ANSWER TO FIRST AMENDED**
                   Plaintiff,                **COMPLAINT**
15
           vs.
16
    JOSE DAVID HERNANDEZ, an individual
17  and dba MUSICA DE ARRANQUE; KEVIN
    BERGER, an individual; JAVIER MORALES,
18  an individual; JOEL MEDINA, an individual;
    COLONIZE MEDIA, INC., a California
19  corporation; M-GEN STREAM, INC., a
    California corporation; DH1 TALENT
20  DEVELOPMENT, INC., a California
    corporation; DH1 MEDIA, INC., a California
21  corporation; LUNA MUSIC CORPORATION,
    a California corporation; ABEL DE LUNA, an
22  individual and dba VAQUERO MUSIC; and
    DOES 1 through 50,
23
                   Defendants.
24

25       Defendants Jose David Hernandez, an individual and dba Musica De Arranque, DH1

26  Talent Development, Inc., DH1 Media, Inc., M-Gen Stream, Inc., and Colonize Media, Inc.

27  (herein "Defendants"), answer the plaintiff's First Amended Complaint and assert their

28  affirmative defenses as follows:

**JURISDICTION AND VENUE**

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, deny such allegations.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, on that basis, deny such allegations.

3.    Defendant Jose David Hernandez resides in Patterson, California, which is in the Eastern District of California. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and, on that basis, deny such allegations.

**PARTIES**

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, on that basis, deny such allegations.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, deny such allegations.

6.    Defendants admit the allegations in paragraph 6.

7.    As to the allegations of paragraph 7, M-Gen Stream, Inc., was a validly formed and existing corporation and is now dissolved.

8.    As to the allegations of paragraph 8, DH1 Media, Inc., was a validly formed and existing corporation which, after a corporate name change with the California Secretary of State, now exists as Colonize Media, Inc.

9.    As to the allegations of paragraph 9, DH1 Talent Development, Inc., was a validly formed and existing corporation and is now dissolved.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, deny such allegations.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, deny such allegations.

12.    Defendants admit the allegations in paragraph 12.

/ / /

Heffner, Stark & Marois, LLP
Sacramento, CA

Answer to Complaint
K:\Colonize Media Inc\Hyphy Music Inc v Hernandez (8401-0002)\Pleadings\answer (rev 1).doc

1    13.    The allegations of paragraph 13 are no longer operative and require no
2    response.

3    14.    The allegations of paragraph 14 are no longer operative and require no
4    response.

5    15.    The allegations of paragraph 15 are no longer operative and require no
6    response.

### FIRST CAUSE OF ACTION

### (Infringement of Copyrights)

16.    The allegations of paragraph 16 do not require a response.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, deny such allegations.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, deny such allegations.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, deny such allegations. Defendants do know and allege they never distributed or otherwise made use of music or other content of El Halcon de La Sierra which was created at Titan Records or in Sinaloa, Mexico.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, deny such allegations.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, on that basis, deny such allegations. Defendants do know and allege the plaintiff has no copyright or other ownership rights of any kind related to music or other content distributed or otherwise used by Defendants.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, deny such allegations. Defendants do know and allege the plaintiff has no copyright or other ownership rights of any kind related to music or other content distributed or otherwise used by Defendants.

Hefner, Stark & Marois, LLP
Sacramento, CA

1      23.    Defendants deny the allegations of paragraph 23.

2      24.    Defendants deny the allegations of paragraph 24.

3      25.    Defendants deny the allegations of paragraph 25.

4      26.    Defendants deny the allegations of paragraph 26.

5      27.    Defendants deny the allegations of paragraph 27.

6      28.    Defendants deny the allegations of paragraph 28.

7                                    **PRAYER**

8      In this section, the plaintiff sets forth its statement of relief to which no response is

9   required. Defendants deny that the plaintiff is entitled to any relief it requests.

10                            **AFFIRMATIVE DEFENSES**

11                            **First Affirmative Defense**

12      The plaintiff's First Amended Complaint fails to state a claim upon which relief can

13   be granted.

14                          **Second Affirmative Defense**

15      Defendants have not breached any legal duties owed to the plaintiff.

16                           **Third Affirmative Defense**

17      The plaintiff's claims are barred, in whole or in part, because Defendants are not the

18   cause of any alleged harm to the plaintiff. Any alleged harm was caused by a third party or

19   an intervening or superseding cause, and not by Defendants.

20                          **Fourth Affirmative Defense**

21      The plaintiff's claims are barred by the affirmative defenses of estoppel, waiver,

22   release, fraud, and laches.

23                            **Fifth Affirmative Defense**

24      The plaintiff's claims are barred, in whole or in part, by the economic loss rule.

25                            **Sixth Affirmative Defense**

26      The plaintiff's claims are barred, in whole or in part, by the doctrine of unclean

27   hands.

28   ///

Heffner, Stark & Marois, LLP
Sacramento, CA

**Seventh Affirmative Defense**

The plaintiff's claims are barred by its failure to mitigate damages.

**Eighth Affirmative Defense**

Defendants are entitled to indemnity from others in this matter by reason of contract, express indemnity agreement, or equitable principles.

**Ninth Affirmative Defense**

Awarding the plaintiff the damages it is seeking in its complaint would result in the plaintiff's unjust enrichment.

**Tenth Affirmative Defense**

Defendants reserve the right to raise and rely upon any additional applicable defenses as may be revealed in this matter, and to amend their answer to assert any such defenses.

**Eleventh Affirmative Defense**

All allegations, facts and conclusions of law in the plaintiff's First Amended Complaint not specifically admitted herein are expressly denied.

**<u>DEFENDANTS' PRAYER</u>**

Based on the foregoing, Defendants pray for judgment as follows:

1. That the plaintiff take nothing by way of its First Amended Complaint herein;

2. That Defendants be awarded judgment in their favor;

3. That Defendants be awarded their costs and attorney's fees herein; and

4. That the court award such other and further relief as it deems proper.

Date: May 1, 2017                    HEFNER, STARK & MAROIS, LLP

By: _____
Kirk E. Giberson
Thomas P. Griffin, Jr.
Attorneys for Defendants
Jose David Hernandez, an individual
and dba Musica De Arranque, DH1 Talent
Development, Inc., DH1 Media, Inc.,
M-Gen Stream, Inc., and Colonize Media, inc.

Hefner, Stark & Marois, LLP
Sacramento, CA

| | |
|---|---|
| **Court:** | USDC, Eastern District, Fresno Division |
| **Case No.:** | 1:17-cv-00182-DAD-SKO |
| **Case Name:** | Hyphy Music, Inc. v. Jose David Hernandez, et al. |

# PROOF OF SERVICE

I am a citizen of the United States, employed in the city and county of Sacramento. My business address is 2150 River Plaza Drive, Suite 450, Sacramento, California 95833-3883. I am over the age of 18 years and not a party to the above-entitled action. I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service.

On May 1, 2017, I served the following documents:

## ANSWER TO COMPLAINT

☑ By Court's CM/ECF System. Pursuant to Local Rule, I electronically filed the above-referenced document(s) with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the following persons.

☐ By Mail on the interested party in the case above-referenced, by placing a true copy of the above-referenced document(s) enclosed in a sealed envelope, with postage fully prepaid, in the designated area for outgoing mail in accordance with this office's practice whereby the mail is deposited in a U.S. mailbox in the city of Sacramento, California, after the close of the day's business at the address(es) as set forth below.

Douglas Tucker
Kristina D. Garabedian
TUCKER CHIU HEBESHA SEYMOUR PC
642 Pollasky Avenue, Suite 230
Clovis, California 93612

Attorneys for Plaintiff
HYPHY MUSIC, INC.

Telephone: (559) 472-9922
Facsimile: (559) 472-9892
Email:    dtucker@tuckerchiulaw.com
          kgarabedian@tuckerchiulaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on May 1, 2017, at Sacramento, California.

▸ _____
Tonya L. Mitchell

Hefner, Stark & Marois, LLP
Sacramento, CA

Proof of Service
K:\Colonize Media Inc\Hyphy Music Inc v Hernandez (8401-0002)\Pleadings\answer (rev 1).doc