STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA  90010
(213) 814-4416
Fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for defendant Abel de Luna

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

2500 Tulare Street, Fresno, California 93721

| | |
|---|---|
| HYPHY MUSIC, INC., a California corporation,<br><br>Plaintiffs,<br><br>-vs.-<br><br>JOSE DAVID HERNANDEZ, an individual and dba MUSICA DE ARRANQUE; KEVIN BERGER, an individual; JAVIER MORALES, an individual; JOEL MEDINA, an individual; COLONIZE MEDIA, INC., a California corporation; M-GEN STREAM, INC., a California corporation; DH1 TALENT DEVELOPMENT, INC., a California corporation; DH1 MEDIA, INC., a California corporation; LUNA MUSIC CORPORATION, a California corporation; ABEL DE LUNA, an individual and dba VAQUERO MUSIC; and DOES 1 through 50,<br><br>Defendants. | **No.  1:17-cv-00182-DAD-SKO**<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[F.R.Civ.P. Rule 12(f)]**<br><br>**[DECL. OF STEVEN J. EYRE AND PROPOSED ORDER FILED CONCURRENTLY HEREWITH]**<br><br>**[MOTION TO DISMISS UNDER RULE 12(b)(6) FILED CONCURRENTLY HEREWITH]**<br><br>**DATE:   January 16, 2017**<br>**TIME:    9:30 a.m.**<br>**CTRM:   5** |

TO PLAINTIFF HYPHY MUSIC, INC. AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 16, 2018 at 9:30 a.m., or as soon thereafter as this matter may be heard before the Hon. Dale A. Drozd, United States District Judge, in Courtroom 5 of the Robert E. Coyle United States Courthouse, located at 2500 Tulare Street, Fresno, CA 93721, defendant Abel De Luna ("De Luna") will and hereby does move to strike portions of the First Amended Complaint ("FAC") filed by plaintiff Hyphy Music, Inc.

This motion is made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, pursuant to which defendant De Luna moves to strike plaintiff's claims for statutory damages and attorneys' fees under the Copyright Act for failure to demonstrate timely registration of plaintiff's copyright in the Album at issue with the U.S. Copyright Office, as required by 17 U.S.C. § 412.  More specifically, the claims of the FAC of "willfulness" and "intentional acts" (Docket No. 5, FAC, p. 5, ¶ 24) and the prayer for statutory damages under 17 U.S.C. § 504 (Docket No. 5, Prayer, p. 6, ¶ 2) should be stricken.  Likewise, plaintiff's claim for attorneys' fees under 17 U.S. § 505 (Docket No. 5, FAC, p. 5, ¶ 26) and the prayer for attorneys' fees (Docket No. 5, Prayer, p. 6, ¶ 4) should be stricken from the FAC.

This motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and on such other documents or arguments that may be presented to the Court on or before the hearing of this motion.

Certification re meet and confer efforts pursuant to the Court's Standing Order are set forth in the Declaration of Steven J. Eyre filed herewith.

Dated:  December 4, 2017

                                    /s/ Steven J. Eyre
                                    Steven J. Eyre
                                    Attorney for defendant Abel De Luna

# MEMORANDUM OF POINTS AND AUTHORITIES

## I
## INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") for copyright infringement includes allegations and prayers for statutory damages and attorneys' fees that are not available to plaintiff, given the fact that plaintiff concedes that neither plaintiff or plaintiff's predecessors-in-interest registered the copyright in the subject Album. Therefore, if this Court does not grant defendant De Luna's companion motion to dismiss the FAC under Rule 12(b)(6), this Court should strike all allegations and prayers relating to statutory damages and attorney's fees from plaintiff's FAC under Rule 12(f).

## II
## PROCEDURAL FACTS

Defendant Abel De Luna ("De Luna") was served with the summons and first amended complaint on April 27, 2017. (Docket No. 25.) On May 9, 2017, defendant De Luna entered into a stipulation with plaintiff to file a response to the complaint on or before May 30, 2017. (Docket No. 18.). On May 16, 2017, defendant De Luna's counsel wrote to plaintiff's counsel, explaining *inter alia* that statutory damages and attorney's fees are not available to plaintiff in this action. (Decl. Steven J. Eyre—hereinafter, "Eyre Decl."—p. 2, ¶ 2; Eyre Exh. 1.) After conferring with plaintiff's counsel over the phone, on May 19, 2017 defendant's counsel confirmed in an email that plaintiff's counsel represented to defendant's counsel that plaintiff "will file an amended complaint and that there is no need for [defendant Abel de Luna] to answer or otherwise respond to the operative First Amended Complaint at this time." (Eyre Decl., p. 2, ¶ 3; Eyre Exh. 2.) Plaintiff's counsel has himself confirmed this fact in the stipulation for an extension of time for defendant De Luna to file a response to the FAC. (Docket No. 29, Stipulation, p. 2, ¶ 4.) Plaintiff has since elected *not* to amend the FAC. (Ibid.)

On October 16, 2017, the Court ordered plaintiffs to file the proof of service as to defendant Abel de Luna. (Docket No. 24.) Defendant Abel de Luna then filed a substitution of attorney, appointing Steven J. Eyre as counsel (Docket No. 27), which was granted by the court. (Docket No. 31.) Plaintiff and defendant Abel De Luna stipulated to an extension of time to December 4, 2017 for defendant De Luna to respond to the FAC (Docket No. 29), which was subsequently granted by the Court. (Docket No. 31.)

This motion is therefore timely.

## II
## FACTS

Defendant Abel De Luna ("De Luna") is an entrepreneur and record label owner who has operated in the Regional Mexican Music genre of the larger Latin music market in the United States for over 35 years. Having divested his interest in the Luna Music Corporation and its music catalog over 15 years ago, De Luna dedicates himself to developing new artists, exploiting catalog he has acquired through artist contracts, rights acquisition and other related activities.

Plaintiff Hyphy Music, Inc. ("Hyphy") alleges in its FAC that it obtained the rights to a catalog of sound recordings from its CEO Jose Martinez in January 2016 (Docket No. 5, FAC, p. 4, ¶ 20), who in turn purchased the rights from Rigoberto Garcia dba Titan Records in July 2012. (Docket No. 5, FAC, p. 3, ¶ 17.) Of the music catalog that plaintiff acquired, the *only* album at issue in this action is the album entitled "Culpable o Inocente" ("Guilty or Innocent" in English) (hereinafter, "the Album") of the artist Fabian Ortega, "El Halcón de la Sierra" ("The Falcon of the Hills" in English). (Docket No. 5, FAC, pp. 3-4, ¶¶ 17, 18.) A photocopy of the Album's front cover and back cover with track listing and manufacturing and distribution information is attached to the FAC as part of Exhibit A thereto. (Docket No. 5, FAC, p. 3, ¶ 17; FAC, p. 20.)

Beneath the track listing on the back cover of the Album is information

relating to the manufacture and distribution of the Album by Titan Records, showing that the manufacture and distribution took place in the year 2009. (Eyre Decl., p. 2, ¶ 4; Eyre Exhs. 3, 4.)

Plaintiff concedes in his FAC that the Album at issue has not been registered with the United States Copyright Office. (Docket No. 5, FAC, p. 4, ¶ 19.) Nevertheless, plaintiff alleges that defendant De Luna's acts alleged in the FAC were "willful" and "intentional" (Docket No. 5, FAC, p. 5, ¶ 24) and that therefore plaintiff should be awarded statutory damages under 17 U.S.C. § 504. (Docket No. 5, Prayer, p. 6, ¶ 2.) In addition, plaintiff claims it is entitled to attorney's fees under 17 U.S. § 505 (Docket No. 5, FAC, p. 5, ¶ 26) and includes a request for attorney's fees in its prayer. (Docket No. 5, Prayer, p. 6, ¶ 4.)

In May of 2017, defendant De Luna's counsel advised plaintiff's counsel that plaintiff was not entitled to seek statutory damages and attorney's fees under the Copyright Act since there was no U.S. copyright registration. (Eyre Decl., p. 2, ¶ 2; Eyre Exh. 1.) In response, plaintiff's counsel said that he would amend the FAC accordingly, a fact defendant's counsel confirmed in writing (Eyre Decl., p. 2, ¶ 2; Eyre Exh. 2) and which plaintiff's counsel confirmed in the stipulation to an extension of time for defendant De Luna to respond to plaintiff's FAC. (Docket No. 29, Stipulation, p. 2, ¶ 4.)

Plaintiff has since elected not to amend the FAC (Docket No. 29, Stipulation, p.2, ¶ 5), and the claims for statutory damages and attorneys' fees must now be stricken. As plaintiff cannot possibly amend the FAC to claim that plaintiff has complied with the registration requirement of 17 U.S.C. § 412 as a prerequisite to claiming statutory damages and attorney's fees under the Copyright Act, leave to amend should be denied.

# III
# PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES MUST BE STRICKEN

Plaintiff fails to allege in the FAC that plaintiff has complied with the copyright registration requirement that is a prerequisite to making a claim for statutory damages and attorneys' fees under the Copyright Act.

### A. Standard Applicable To This Rule 12(f) Motion

A party may move to strike from a pleading any redundant, immaterial, impertinent, or scandalous material under Rule 12(f).  The decision whether to grant a motion to strike is at the court's discretion. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds sub nom Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The court must view the pleadings in the light most favorable to the non-moving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  Although motions to strike are generally disfavored, the court may grant a motion to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy*, 984 F.2d at 1527).  Leave to amend should be denied where the court determines that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Plaintiff Is Barred From Seeking Statutory Damages and Attorneys' Fees Under 17 U.S.C. § 412

The Copyright Act provides for statutory damages of up to $150,000 for willful infringement as an alternative to an award for actual damages and profits of the infringing party, 17 U.S.C. §§ 504(a), (c), as well as an award of reasonable attorney's fees to a prevailing party.  17 U.S.C. § 505.  However, the Copyright Act provides that

> [n]o award of statutory damages or of attorney's fees, as provided under sections 504 and 505, shall be made for any infringement of copyright commenced . . . after first publication of the work and before the effective date of its registration unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2).

The Copyright Act "leaves no room for discretion. In order to recover statutory damages and attorney's fees, the copyrighted work must have been registered prior to commencement of the infringement." *Derek Andres, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Further, no statutory damages and attorney's fees are available to a plaintiff for post-registration infringement where the alleged infringement first commenced prior to registration. *Id.* 528 F.3d at 701. By denying statutory damages and attorneys' fees in such instances, Congress sought to provide copyright owners with an incentive to register their copyrights promptly. *Id.*, 528 F.3d at 700 (citation omitted).

In the FAC, plaintiff concedes that the Album at issue was never registered with the Copyright Office (Docket No. 5, FAC, p. 4, ¶ 19), even though the information on the back cover of the Album indicates that it was first manufactured and distributed in 2009. (Docket No. 5, FAC, p. 20; Eyre Decl., p. 2, ¶ 4; Eyre Exhs. 3, 4.) Distribution is "publication" for the purposes of the Copyright Act. 17 U.S.C. § 101 "Publication"; see also *Atlantic Recording Corp. v. Howell*, 554 F.Supp.2d 976, 984 (D. Ariz. 2008) ("the definition of publication in § 101 makes clear that all distributions to the public are publications").

However, even if plaintiff believed it could amend its FAC to allege that publication first occurred in Mexico in 2009, this would not avail plaintiff since the requirement of *timely* registration with the U.S. Copyright Office remains as a prerequisite to seeking statutory damages and attorneys' fees for works of foreign

and domestic origin alike. *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F.Supp. 1378, 1393 n. 13 (C.D. Calif. 1993). Publication, including its relevance in connection with the recovery of statutory damages and attorney's fees, attaches regardless of where in the world it took place. *ABC, Inc. v. Primetime 24, Joint Venture*, 67 F. Supp. 2d 558, 562 (M.D. N.C. 1999).

Plaintiff concedes that the subject Album was never registered with the U.S. Copyright Office prior to its publication in 2009 or within the three-month period following publication. Plaintiff's allegations and prayers regarding statutory damages and attorneys' fees under the Copyright Act are therefore untenable.

### C. The Court Should Strike References to Statutory Damages And Attorneys Fees In Plaintiff's First Amended Complaint

Plaintiff alleges in its FAC that defendant De Luna's conduct was "willful" and "intentional." However, the only relevance of willfulness in a claim for copyright infringement is in award of statutory damages. 17 U.S.C. § 504(c)(2). Copyright infringement itself is a strict liability tort for which a plaintiff need not demonstrate the defendant's intent or willfulness. See *UMG Records, Inc. v. Disco Azteca Distributors, Inc.*, 446 F.Supp.2d 1153, 1172 (E.D. Calif. 2006). Since statutory damages are unavailable to plaintiff, references to willfulness and intentionality of defendant De Luna and to statutory damages (Docket No. 5, FAC, p. 5, ¶¶ 24, 25), as well as the prayer for statutory damages themselves (Docket No. 5, Prayer, p. 6, ¶ 2), must be stricken from the FAC.

Likewise, plaintiff's request attorney's fees in the body of the FAC (Docket No. 5, FAC, p. 5, ¶ 26) as well as the prayer for attorney's fees (Docket No. 5, FAC, p. 6, ¶ 4) must be stricken, as plaintiff is barred from seeking the same by 17 U.S.C. § 412.[1]

---

[1] Nevertheless, defendant De Luna would *not* be precluded from seeking attorney's fees as a prevailing defendant. See *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 1033 (1994) ([under 17 U.S.C.] § 505, . . . . [p]revailing

# IV
# CONCLUSION

For the reasons articulated above, this Court should grant defendant Abel De Luna's motion to strike the allegations and prayers of plaintiff's First Amended Complaint relating to claims for statutory damages and attorneys' fees without leave to amend.

Dated:  December 4, 2017                  Respectfully submitted,


                                          /s/Steven J. Eyre
                                          Steven J. Eyre
                                          Attorney for defendant Abel De Luna

---

plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion").

## **CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing document entitled **NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** is being served on all parties who have appeared in this action by filing through the CM/ECF electronic filing system of this court.

Dated:  December 4, 2017

/s/Steven J. Eyre
Steven J. Eyre