STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA 90010
(213) 814-4416
Fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for defendant Abel de Luna

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

2500 Tulare Street, Fresno, California 93721

| | |
|---|---|
| HYPHY MUSIC, INC., a California corporation,<br><br>Plaintiffs,<br><br>-vs.-<br><br>JOSE DAVID HERNANDEZ, an individual and dba MUSICA DE ARRANQUE; KEVIN BERGER, an individual; JAVIER MORALES, an individual; JOEL MEDINA, an individual; COLONIZE MEDIA, INC., a California corporation; M-GEN STREAM, INC., a California corporation; DH1 TALENT DEVELOPMENT, INC., a California corporation; DH1 MEDIA, INC., a California corporation; LUNA MUSIC CORPORATION, a California corporation; ABEL DE LUNA, an individual and dba VAQUERO MUSIC; and DOES 1 through 50,<br><br>Defendants. | **No. 1:17-cv-00182-DAD-SKO**<br><br>**DECLARATION OF STEVEN J. EYRE IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT** |

I, Steven J. Eyre, declare as follows:

1. I am an attorney admitted to practice before the courts of California and before this court, and am the attorney for defendant Abel de Luna. The matters set forth herein are within my personal knowledge or on information and belief I believe them to be true.

2. On May 16, 2017, I sent a letter to Douglas Tucker, attorney for plaintiff Hyphy Music, Inc., explaining that plaintiff was not entitled to recover statutory damages or attorney's fees due to the fact that the copyright in the subject album had not been registered with the Copyright Office and that publication of the work had occurred many years ago. A true and correct copy of my letter is attached hereto as **Exhibit 1**.

3. On May 19, 2017, I conferred with the attorney for plaintiff Hyphy Music, Inc. by telephone. In that conversation, Mr. Tucker to amend the First Amended Complaint and indicated that defendant Abel De Luna need not file a response to the First Amended Complaint as it stood. I confirmed the foregoing in writing in an email dated May 19, 2017, a true and correct copy of which is attached hereto as **Exhibit 2**.

4. Although plaintiff appears to "plead around" the date of publication of the Album which is the subject of this action, the CD front and back cover attached to the First Amended Complaint indicates that it was Manufactured and Distributed by Titan Records in 2009. I attach hereto as **Exhibit 3** a copy of the CD front and back cover which is attached as page 20 to the First Amended Complaint herein, Docket No. 5. I attach hereto as **Exhibit 4** a translation of the information on the back cover of the CD of the Album which is the subject of this action showing 2009 as the date of manufacture and distribution of the subject Album and showing an address in Mexico and one in the United States. In the same location can be found information indicating that the CD cover was printed by "Exito Printing," showing the same telephone number as is listed a few lines above on the back cover label

1  copy for the United States office of Titan Records in Pico Rivera, California.

2       5.    <u>Certification re meet and confer efforts</u>:  On May 16, 2017, I sent a letter, a true and correct copy of which is attached hereto as **Exhibit 1**, to Douglas Tucker, attorney for plaintiff Hyphy Music, Inc., setting forth my client's position in this action and indicating that my client would file a motion to dismiss unless plaintiff amended its complaint.  After a discussion with plaintiff's counsel, it was agreed that plaintiff would amend its First Amended Complaint to obviate the need for my client's motion to dismiss.  The parties subsequently engaged in confidential settlement discussions through counsel over the course of the ensuing months, but by October 2017, and pursuant to the order of the Magistrate Judge Oberto, plaintiff had filed its proof of service on defendant Abel De Luna.  (Docket No. 25.)  Subsequent efforts to resolve this matter without a motion to dismiss were unfruitful.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  December 4, 2017         Respectfully submitted,

         /s/Steven J. Eyre
         Steven J. Eyre

Exhibit 1

<div style="text-align:center">

S T E V E N   J .   E Y R E
ATTORNEY AT LAW

3550 WILSHIRE BOULEVARD • SUITE 420
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 814-4416
TELECOPIER (213) 985-2159
stevenjeyre@gmail.com

</div>

May 16, 2017

<u>By Email & U.S. Mail</u>
dtucker@tuckerchiulaw.com

Douglas Tucker, Esq.
Tucker Chiu Hebesha Seymour PC
642 Pollasky Ave Ste 230
Clovis, CA 93612

      Re:   *Hyphy Music, Inc. vs. Hernandez*
           USDC EDCA Case No. 1-17-cv-00182-DAD-SKO

           Our client: Abel de Luna, Luna Music Corporation

Dear Mr. Tucker:

      This office represents Abel de Luna, who is named in the above-captioned action in his individual capacity and under the fictitious business name Vaquero Music. We are informed and believe that Luna Music Corporation is a suspended corporation that has not done business for well over a decade.

      I have received a copy of your client's First Amended Complaint filed on February 14, 2017 as well as a copy of the stipulation to extend time to answer that was executed by Abel de Luna on or about May 9, 2017. It is our intention to file a motion to dismiss your client's action under Rule 12(b)(6) unless the defects in the First Amended Complaint are remedied, as set forth below, or a dismissal of the action is filed as to my clients.

      First, it is not clear from the First Amended Complaint that the work at issue is a non-U.S. work. Although the First Amended Complaint states that the work was produced by Titan Records in a recording studio in Sinaloa, Mexico, that fact alone does not establish that the work is a non-U.S. work. See 17 U.S.C. § 101 (definition of a "United States work"). A work could be produced in Sinaloa, Mexico and still be considered a United States work under the Copyright Act. If the work is not a non-U.S. work, registration with the Copyright Office is a prerequisite to filing an infringement action. See *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 619 n. 12 (9th Cir. 2010) (§411 pre-suit registration requirement does not apply to non-U.S. works); *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, 2015 WL 12655484, *4 (the party seeking to protect a work [without first registering in the United States] must first establish that the subject of copyright is not a United States work).


Your client's First Amended Complaint does not establish that the work in question is a non-U.S. work exempt from registration as a prerequisite to your client's federal claim. The allegation that the song was recorded in a studio in Mexico is not sufficient to fulfill that requirement. In our opinion, your client's First Amended Complaint is subject to a motion to dismiss on the ground of lack of registration.

Secondly, your client's First Amended Complaint seeks statutory damages and attorney's fees, which are remedies available in the case of a published work such as your client's only if the infringement commences after the effective date of its registration, and only if registration has occurred within three months of first publication. 17 U.S.C. § 412. See *Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d 1022, 1025-1026 (N.D.Cal. 2003). There is no exception for the registration requirement in the case of foreign works, where a party seeks the remedy of statutory damages. See *Cosmetic Ideas, Inc., supra,* 606 F.3d at 619; see also *Elsevier B.V. v. UnitedHealth Group, Inc., CAN,* 2010 WL 150167 (S.D.N.Y. 2010).

Your client's First Amended Complaint does not mention any copyright registration of the works mentioned in the First Amended Complaint nor the date of first publication of those works. However, from the dates cited in your client's complaint, it appears that the date of first publication occurred many years ago. Your client is apparently precluded, then, from making a claim for statutory damages or attorney's fees. 17 U.S.C. § 412. The remedies available to your client are limited to injunctive relief, 17 U.S.C. § 502, and actual damages and defendants' profits attributable to the alleged infringement. 17 U.S.C. § 504. I am informed that in this instance any purported damages recoverable by your client against mine would be nominal.

Finally, the First Amended Complaint alleges that certain rights were purportedly transferred to your client's predecessor-in-interest under a Purchase Agreement, but fails to establish the underlying rights in the works that were purportedly transferred. Were the transferred rights obtained as works for hire, by assignment, by operation of law, or otherwise? The First Amended Complaint is silent as to this aspect of your client's claim. Your client is only entitled to enforce the rights it owns, and the First Amended Complaint does not establish its entitlement to the underlying works, only that certain rights were purportedly transferred to your client's predecessor-in-interest.

The foregoing is not intended as a complete statement of the issues my client would raise in a motion to dismiss, but it sets forth the general framework under which such a motion could be expected to be brought.

My client does not concede that his exploitation of the songs at issue violates any rights of your client. He believes his use is defensible and that he would prevail in the action brought by your client. Nevertheless, at this stage of the case, my client is interested in being dismissed from the action, and I am prepared to discuss with you how we can achieve his dismissal as a party as expeditiously as possible. Please let me know when it would be convenient for us to discuss the dismissal of your client's action against my client.

Letter to Douglas Tucker, Esq.
May 16, 2017
Page 3

      Nothing contained herein is intended, nor should it be construed, as a waiver of any right, cause of action or defense on the part of my clients. All such rights are hereby expressly reserved.

      Sincerely,

      Steven J. Eyre

SJE/mc
cc:    client

# Exhibit 2



Steven Eyre <stevenjeyre@gmail.com>

## Hyphy v. Hernandez, client Abel de Luna

**Steven Eyre** <stevenjeyre@gmail.com>  Fri, May 19, 2017 at 11:34 AM
To: Doug Tucker <dtucker@tuckerchiulaw.com>
Bcc: Abel De Luna <ADeL50@aol.com>, Lola Garcia <evaeva@att.net>

Douglas Tucker, Esq.
Tucker Chiu

Dear Douglas--

Thank you for your telephone call this morning and for taking the time to discuss my letter of May 16 regarding my client Abel de Luna and Luna Music Corporation.

First of all, as indicated in our call, I am confirming that you indicated that your client will file an amended complaint and that there is no need for my client to answer or otherwise respond to the operative First Amended Complaint at this time.

Secondly, you asked whether my client wishes to continue to assert rights in the album mentioned in the First Amended Complaint, i.e. "Culpable o Inocente." My client responded that he believed he obtained rights in the album, but was interested in knowing the basis for your client's claim of ownership in the album. We are aware that the value of any claim at this time may be nominal, but it was nevertheless an issue raised by my client.

Should you decide to file a further amended complaint against my client, I am authorized to accept the complaint on his behalf.

Thank you, once again, for taking the time to discuss this matter with me this morning.

Sincerely,

--Steve Eyre

cc: client

Steven J. Eyre
3550 Wilshire Blvd., Ste **420**
Los Angeles, CA 90010
213.814.4416
fax 213-985-2159
stevenjeyre@gmail.com

**CONFIDENTIALITY NOTICE**: This communication, including any attachments, may contain confidential and/or legally privileged information and is intended solely for the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable law. If you are not the intended recipient, please notify the sender and destroy all copies of the communication.

**IRS Circular 230 Disclosure:** In accordance with IRS requirements, this is to inform you that any tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for the purpose of avoiding tax penalties or in connection with promoting, marketing or recommending any transaction or tax related matter.

**AVISO DE CONFIDENCIALIDAD**: Esta comunicación, incluyendo cualquier documento anexo, puede contener información confidencial y/o protegido de divulgación conforme a los privilegios establecidos por ley, y es dirigida solamente al destinario contemplado por el remitente. Cualquier intercepción, revisión, uso o divulgación sin autorización es prohibido y puede constituir una violación de ley. Si usted no es el destinario contemplado, favor de notificar al remitente y destruir esta comunicación y cualquier copia de la misma

**Divulgación conforme al Aviso del IRS No. 230**: Conforme a los requisitos del IRS, se le informa que cualquier consejo relacionado a las obligaciones tributarias que forme parte de esta comunicación (incluyendo cualquier documento anexo) no se escribió con el propósito, y no se puede utilizar con el fin, de evitar las penalidades tributarias o en conexión con la promoción, mercado o recomendación de alguna transacción o asunto relacionado a los impuestos.

# Exhibit 3

Case 1:17-cv-00182-DAD-SKO   Document 32-1   Filed 12/04/17   Page 11 of 15
Case 1:17-cv-00182-DAD-SKO   Document 5   Filed 02/14/17   Page 20 of 37



B-2



Exhibit 4




B-2

| | |
|---|---|
| DOCUMENT: |  |
| TRANSLATION: | [FRONT COVER]<br>   [PHOTO]<br>   FABIAN ORTEGA<br>   EL HALCON DE LA SIERRA ["THE FALCON OF THE HILLS"]<br>   GUILTY OR INNOCENT<br>[BACK COVER]<br>  1. La Captura<br>  2. Fierro Gazar<br>  3. Palomas Que Andan Volando<br>  4. El Ilegal<br>  5. El Hijo Desobediente<br>  6. El Pidio Pasos<br>  7. El Corrido del Chunel<br>  8. El Corrido de Jaime Ibarra<br>  9. Se Mamo el Becerro<br> 10. Alfredo Beltran<br> 11. Recordando a los Valientes<br> 12. La Perra Flaca<br> 13. Al Mismo Nivel<br><br>CULPABLE O INOCENTE ["GUILTY OR INNOCENT"]<br>[ILLEGIBLE]<br>Manufactured and Distributed by 2009 TITAN RECORDS<br>Mex – Avenida Rusia 3455 Col. La Gloria, Guamuchil, Sinaloa. Tel: 01 (673) [Illegible]<br>U.S.A. – 3695 S. San Gabriel River Pkwy, Pico Rivera, CA 90660 Tel (562) 908-2780<br>Fax (562) 908-2765  Graphic Design Sergio Armando Marquez<br>Printed by:  ÉXITO PRINTING (562) 908-2780  EXITOPRINTING@YAHOO.COM |
| ATTESTATION: | I, Elizabeth Zilio-Braun, being duly certified as a translator from Spanish into English by the states of New York and California, certify that the foregoing TRANSLATION is a correct translation of the foregoing DOCUMENT (a miniature photocopy of which is displayed above) from Spanish into English. I so declare under penalty of perjury under the laws of the United States.<br><br>Signed: _Elizabeth Zilio-Braun_                                    Dated: December 04, 2017 |

## **CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing document entitled **DECLARATION OF STEVEN J. EYRE IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT** is being served on all parties who have appeared in this action by filing through the CM/ECF electronic filing system of this court.

Dated:  December 4, 2017

/s/Steven J. Eyre
Steven J. Eyre