STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA  90010
(213) 814-4416
Fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for defendant Abel de Luna

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

2500 Tulare Street, Fresno, California  93721

| | |
|---|---|
| HYPHY MUSIC, INC., a California corporation,<br><br>Plaintiffs,<br><br>-vs.-<br><br>JOSE DAVID HERNANDEZ, an individual and dba MUSICA DE ARRANQUE; KEVIN BERGER, an individual; JAVIER MORALES, an individual; JOEL MEDINA, an individual; COLONIZE MEDIA, INC., a California corporation; M-GEN STREAM, INC., a California corporation; DH1 TALENT DEVELOPMENT, INC., a California corporation; DH1 MEDIA, INC., a California corporation; LUNA MUSIC CORPORATION, a California corporation; ABEL DE LUNA, an individual and dba VAQUERO MUSIC; and DOES 1 through 50,<br><br>Defendants. | **No.  1:17-cv-00182-DAD-SKO**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[F.R.Civ.P. Rule 12(b)(6)]**<br><br>**[DECL. OF STEVEN J. EYRE FILED CONCURRENTLY HEREWITH]**<br><br>**[REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY HEREWITH]**<br><br>**[MOTION TO STRIKE FILED CONCURRENTLY HEREWITH]**<br><br>**DATE:    January 16, 2017**<br>**TIME:    9:30 a.m.**<br>**CTRM:    5** |

TO PLAINTIFF HYPHY MUSIC, INC. AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 16, 2018 at 9:30 a.m., or as soon thereafter as this matter may be heard before the Hon. Dale A. Drozd, United States District Judge, in Courtroom 5 of the Robert E. Coyle United States Courthouse, located at 2500 Tulare Street, Fresno, CA 93721, defendant Abel De Luna ("De Luna") will and hereby does move to dismiss the First Amended Complaint ("FAC") filed by plaintiff.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, whereby defendant Del Luna moves to dismiss plaintiff's FAC for copyright infringement for failure to state a claim for which relief may be granted.

This motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, on defendant De Luna's Request for Judicial Notice filed concurrently herewith and on such other documents or arguments that may be presented to the Court on or before the hearing of this motion.

Certification re meet and confer efforts pursuant to the Court's Standing Order are set forth in the Declaration of Steven J. Eyre filed herewith.

Dated: December 4, 2017

/s/ Steven J. Eyre
Steven J. Eyre
Attorney for defendant Abel De Luna

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Plaintiff has filed a First Amended Complaint ("FAC") for copyright infringement against defendants, including moving party, defendant Abel De Luna ("De Luna"). The FAC fails to state a claim for which relief may be granted under the Copyright Act in that (1) the FAC fails to state that plaintiff has applied for or obtained copyright registration of the subject Album and its content, (2) the FAC fails to demonstrate subject Album is exempt from copyright registration as a prerequisite to seeking access to this Court, and (3) the FAC fails to demonstrate ownership of the alleged copyright to the subject Album.

For the foregoing deficiencies in the FAC, the FAC should be dismissed by this Court.

## II

## PROCEDURAL FACTS

Defendant Abel De Luna ("De Luna") was served with the summons and first amended complaint on April 27, 2017. (Docket No. 25.) On May 9, 2017, defendant De Luna entered into a stipulation with plaintiff to file a response to the complaint on or before May 30, 2017. (Docket No. 18.). On May 16, 2017, defendant De Luna's counsel wrote to plaintiff's counsel, explaining *inter alia* that statutory damages and attorney's fees are not available to plaintiff in this action. (Decl. Steven J. Eyre—hereinafter, "Eyre Decl."—p. 2, ¶ 2; Eyre Exh. 1.) After conferring with plaintiff's counsel over the phone, on May 19, 2017 defendant's counsel confirmed in an email that plaintiff's counsel represented to defendant's counsel that plaintiff "will file an amended complaint and that there is no need for [defendant Abel de Luna] to answer or otherwise respond to the operative First Amended Complaint at this time." (Eyre Decl., p. 2, ¶ 3; Eyre Exh. 2.) Plaintiff's counsel has himself confirmed this fact in the stipulation for an extension of time for

1  defendant De Luna to file a response to the FAC.  (Docket No. 29, Stipulation, p. 2,
2  ¶ 4.)  Plaintiff has since elected *not* to amend the FAC. (Ibid.)
3      On October 16, 2017, the Court ordered plaintiffs to file the proof of service
4  as to defendant Abel de Luna.  (Docket No. 24.)  Defendant Abel de Luna then filed
5  a substitution of attorney, appointing Steven J. Eyre as counsel (Docket No. 27),
6  which was granted by the court.  (Docket No. 31.)  Plaintiff and defendant Abel De
7  Luna stipulated to an extension of time to December 4, 2017 for defendant De Luna
8  to respond to the FAC (Docket No. 29), which was subsequently granted by the
9  Court. (Docket No. 31.)
10     This motion is therefore timely.

### III
### FACTS

Defendant Abel De Luna ("De Luna") is an entrepreneur and record label owner who has operated in the Regional Mexican Music genre of the larger Latin music market in the United States for over 35 years.  Having divested his interest in the Luna Music Corporation and its music catalog over 15 years ago, De Luna dedicates himself to developing new artists, exploiting catalog he has acquired through artist contracts, rights acquisition and other related activities.

Plaintiff Hyphy Music, Inc. ("Hyphy") alleges in its FAC that it obtained the rights to a catalog of sound recordings from its CEO Jose Martinez in January 2016 (Docket No. 5, FAC, p. 4, ¶ 20), who in turn purchased the rights from Rigoberto Garcia dba Titan Records in July 2012.  (Docket No. 5, FAC, p. 3, ¶ 17.)  Of the music catalog that plaintiff acquired, the *only* album at issue in this action is the album entitled "Culpable o Inocente" ("Guilty or Innocent" in English) (hereinafter, "the Album") of the artist Fabian Ortega, "El Halcón de la Sierra" ("The Falcon of the Hills" in English).  (Docket No. 5, FAC, pp. 3-4, ¶¶ 17, 18.)  A photocopy of the Album's front cover and back cover with track listing and manufacturing and distribution information is attached to the FAC as part of Exhibit A thereto.  (Docket

No. 5, FAC, p. 3, ¶ 17; FAC, p. 20.)

Plaintiff alleges that the Album was recorded in 2009 in Mexico (Docket No. 5, FAC, p. 4, ¶ 19) and that the assignor of the rights therein to plaintiff's predecessor-in-interest "perform[ed] the necessary acts to establish it was the original producer and copyright holder to said records." (Ibid.) Nevertheless, the musical artist identified on the cover of the Album (Docket No. 5, FAC, p. 20) is Fabian Ortega "El Halcón de la Sierra" ("The Falcon of the Hills" in English) and *not* Rigoberto Garcia dba Titan Records, and plaintiff does not identify or refer to any contract or other document that demonstrates that as between plaintiff's predecessors-in-interest and the musical artist Fabian Ortega "El Halcón de la Sierra," plaintiff's predecessors-in-interest owned a copyright in the sound recording that was susceptible of being transferred to plaintiff. Further, the label copy on the back cover of the album indicates that the date of manufacture and distribution of the album was 2009 with addresses for Titan Records in both the United States and Mexico. (Docket No. 5, FAC, p. 20; Eyre Decl., pp. 2-3, ¶ 4; Eyre Exhs. 3, 4.) However, the label copy shows that the CD cover was printed in the United States (Ibid.), an indication that manufacture of the Album took place in the United States.

Nowhere in the FAC does plaintiff allege (a) that plaintiff has applied for or obtained the copyright registration of the Album with the Copyright Office, (b) that the Album is one which is exempt from registration as a prerequisite to filing the instant action, or (c) that plaintiff obtained title to the copyright in the subject Album. All of the foregoing deficiencies were brought to the attention of counsel for plaintiff in May 2017 in a letter from defendant De Luna's attorney, in response to which plaintiff's counsel volunteered to file a further amendment to the FAC. (Decl. Steven J. Eyre, p. 2, ¶¶ 2, 3; Eyre Exhs. 1, 2.) As of the date of this motion, plaintiff has yet to amend the FAC.

As the FAC suffers from the deficiencies listed above, this Court should dismiss plaintiff's FAC for failure to state a claim for which relief may be granted.

# IV

# PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Plaintiff's FAC must be dismissed, as plaintiff fails to demonstrate compliance with the Copyright Act's requirement that plaintiff register plaintiff's copyright prior to instituting an action in this Court. If plaintiff believes that registration is not a prerequisite to filing the FAC herein, plaintiff has failed to demonstrate that the registration requirement does not apply in this case. Finally, even if plaintiff were able to show that copyright registration is not a prerequisite to plaintiff's exercise of its rights under the Copyright Act, plaintiff has failed to demonstrate that the chain of title in the alleged copyright gives plaintiff an ownership interest in the alleged rights.

### A. Standard Applicable to a Rule 12(b)(6) Motion

A motion under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *Balisteri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1988). In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and the documents attached thereto. *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir.2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990).

A party's obligation to provide grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965 (2007) (citations omitted). A statement of facts must do more than merely create a suspicion of a legally cognizable right of action. *Id*., *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004). The facts alleged must state a "factually plausible" claim for relief. *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but has not shown—the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009).

## B. Plaintiff fails to demonstrate that it has complied with the registration requirements of the Copyright Act

An action for infringement of the copyright in a work cannot be instituted until registration of the copyright claim has been made. 17 U.S.C. § 411(a). Although copyright registration is not a prerequisite to a valid copyright, it is a prerequisite to a suit based on copyright. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998). Nevertheless, the Ninth Circuit follows the "application" approach, i.e. that receipt by the Copyright Office of a complete application satisfies the registration requirement of section 411(a). *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621-622 (9th Cir. 2010), cert. denied, 562 U.S. 1062 (2010).

Plaintiff does not allege that in the FAC that it has complied with the registration requirement of section 411(a) prior to instituting its action, much less that it has submitted an application to register its copyright. Unless plaintiff is able to allege an exception to the registration requirement, plaintiff's FAC should be dismissed.

## C. Plaintiff fails to allege any exemption to the registration requirement under the Copyright Act

Foreign works under the umbrella of the Berne Convention are not subject to § 411(a)'s pre-suit registration requirement. *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 619 n. 12 (9th Cir. 2010) ("As a result of the Berne Convention's mandate that foreign works not be subject to formalities, § 411's pre-suit registration requirement does not apply to non-U.S. works"). The rule is predicated on the agreement between Berne Union members "to treat authors from other member countries as well as they treat their own." *Golan v. Holder*, 132 S. Ct. 873, 878 (2012). However, for the rule to apply, the party seeking to protect a work

must first establish that the subject of copyright is not a United States work. *See, e.g., Kernal Records Oy v. Mosley*, 694 F.3d 1294, 1304-1305 (11th Cir. 2012).

Section 101 of the Copyright Act defines a United States work as follows:

> A work is a "United States work" only if—
>
> (1) in the case of a published work, the work is first published—
>
> (A) in the United States;
>
> (B) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States;
>
> (C) simultaneously in the United States and a foreign nation that is not a treaty party; or
>
> (D) in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliaries, or habitual residents of, or in the case of an audiovisual work legal entities with headquarters in, the United States;

17 U.S.C. § 101.

Plaintiff does not allege in the FAC that the subject Album is exempt from copyright registration, although plaintiff alleges that the subject Album was "produced" in Mexico. (Docket No. 5, p. 4, ¶ 19.) Nevertheless, plaintiff does not state where the subject Album was first "published." The information provided on the back cover of the subject Album indicates that that it was manufactured and distributed in 2009, with addresses supplied for Mexico and the United States. (Docket No. 5, FAC, p. 20; Eyre Decl., p. 2, ¶ 4; Eyre Exhs. 3, 4.) In addition, the information on the back cover indicates that the album cover, at least, was printed in the United States (*Ibid*.), suggesting that manufacture and distribution first took place in the United States, or at least simultaneously in the United States and

Mexico. Distribution is "publication" for the purposes of the Copyright Act. 17 U.S.C. § 101 "Publication"; see also *Atlantic Recording Corp. v. Howell*, 554 F.Supp.2d 976, 984 (D. Ariz. 2008) ("the definition of publication in § 101 makes clear that all distributions to the public are publications").

Given the requirement that plaintiff register a work with the Copyright Office prior to accessing the courts of the United States, it is incumbent upon plaintiff to allege such registration or explicitly demonstrate that the work plaintiff seeks to protect is exempt from the registration prerequisite. Plaintiff fails to do either, for which this court should grant defendant De Luna's motion for dismiss.

### D. Plaintiff fails to demonstrate ownership of the copyright in the subject Album

In order to prevail on a copyright infringement claim, a plaintiff must demonstrate ownership of a valid copyright. *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F.Supp.3d 1052, 1061 (N.D. Calif. 2016). A copyright registration is prima facie evidence of the validity of the copyright, 17 U.S.C. § 410(c), creating a presumption of validity. *United Fabrics Int'l, Inc. v. C & J Wear, Inc.,* 630 F.3d 1255, 1257 (9th Cir. 2011).

Plaintiff not only fails to produce a registration of the alleged copyright in question in either the United States or Mexico, plaintiff makes the lack of documentation an issue by stating that its predecessor-in-interest "did perform the necessary acts to establish it was the original producer and copyright holder" of the Album. (Docket No. 5, FAC, p. 4, ¶ 19.) In other words, plaintiff concedes that the contract attached to plaintiff's FAC as Exhibit A is not sufficient evidence of plaintiff's copyright ownership, i.e. that a description or documentation of the "necessary acts" of plaintiff's predecessor-in-interest is required to establish copyright ownership that was transferrable to plaintiff. That plaintiff has not amended the FAC, despite representations made to defendant De Luna's counsel in May 2017 that plaintiff would do so, strongly suggests that plaintiff is not able to

make the necessary factual allegations or attach documents to plaintiff's FAC to properly allege copyright ownership of the subject Album.

## V
## CONCLUSION

Plaintiff's First Amended Complaint fails to state claims for which relief may be granted. Plaintiff does not allege registration of the alleged copyright in the subject Album, nor does plaintiff demonstrate that the alleged copyright is exempt from registration as a prerequisite to bringing the instant action before this Court. In addition, plaintiff fails to demonstrate that it actually owns the copyright in the subject Album, an issue plaintiff itself raises in the First Amended Complaint. Accordingly, plaintiff's complaint fails to state a claim for which relief may be granted.

Should the Court sustain defendant's motion to dismiss, defendant reserves the right to file a subsequent motion for attorney's fees under 17 U.S.C. 505 as a prevailing party.

Dated:  December 4, 2017                    Respectfully submitted,


                                            /s/Steven J. Eyre
                                            Steven J. Eyre
                                            Attorney for defendant Abel De Luna

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing document entitled **NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** is being served on all parties who have appeared in this action by filing through the CM/ECF electronic filing system of this court.

Dated:  December 4, 2017

                                    /s/Steven J. Eyre
                                    Steven J. Eyre